## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY ASARO and**<br>**LORI DRING,**<br><br>        Plaintiffs<br><br>**v.**<br><br>**MICHAEL G. ABERNATHY,**<br>**MARY B. ABERNATHY,**<br><br>**CHRISTA DONATI-DOUGHER,**<br>**BRIAN R. DOUGHER,**<br><br>**JUDITH TADDER, ALLAN L.**<br>**TADDER,**<br><br>**MARY ELIZABETH EMMEL and**<br>**WILLIAM J. EGAN, JR. Trustees**<br>**under the Irrevocable Living Trust**<br>**Agreement of Elizabeth O'Hara**<br>**Kelly dated June 6, 2002,**<br><br>**WILLIAM J. EGAN,**<br><br>**and**<br><br>**DENNIS JOHN DOUGHERTY**<br><br>        Defendants | CIVIL ACTION<br><br>**NO.: 3:23-CV-01576-JPW**<br><br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

## I.     STATEMENT OF FACTS/PROCEDURAL HISTORY

The instant action was commenced when Plaintiffs filed a Complaint on September 21, 2023, stating three causes of action: (1) Trespass; (2) Ejectment; and (3) Declaratory Judgment and Injunctive Relief. All causes of action brought by Plaintiffs relate to Defendants' improper and unauthorized use, occupancy and/or possession of real property owned in fee by Plaintiffs. [1]

Plaintiffs' real property, described in significant detail in the Complaint and Proposed Amended Complaint, is located on the western margin of Lake Ariel in Lake Township, Pennsylvania, and is referred to as the "West Shore Parcel."

On or about December 5, 2023, Egan Defendants filed a Motion to Dismiss Plaintiffs' Complaint. (ECF 17). On or about December 5, 2023, Abernathy Defendants, Dougher Defendants, Tadder Defendants, and Defendant Dougherty filed a Motion to Dismiss Plaintiffs' Complaint. (ECF 18).

The two motions to dismiss were based on Defendants' contentions concerning an August 28, 2006 Agreement ("2006 Agreement") and the affirmative defenses of release and judicial estoppel. The Defendants' motions and the legal

---

[1] The Defendants in this action are Mary Elizabeth Emmel & William J. Egan, Jr., Trustees, and William J. Egan ("Egan Defendants"); and Michael G. Abernathy, Mary B. Abernathy ("Abernathy Defendants"), Christa Donati-Dougher, Brian R. Dougher ("Dougher Defendants"), Judith Tadder, Allan L. Tadder ("Tadder Defendants") and Dennis John Dougherty (collectively, where appropriate all are referred to as "Defendants").

arguments contained therein are completely devoid and absent of any merit whatsoever.

Defendants contend that the 2006 Agreement creates a property right in their favor in that it precludes Dring/Asaro from suing them to prevent the improper and impermissible use and occupancy of the West Shore Parcel. Not only is this contention simply wrong – but it also completely ignores the litigation that commenced in 2015 styled:  Gillespie v. Dring, 3:15-cv-00950-ARC, as well as the April 20, 2019, Agreement and Partial Release ("2019 Agreement") that is binding on the parties to this action and specifically preserves and reserves claims that Defendants contend were released. Attached hereto as Exhibit "A" is the 2019 Agreement, which reads in part, as follows:

> NOW THEREFORE, intending to be legally bound, *[Gillespie] Plaintiffs* and Dring and Asaro, through their respective counsel, **agree on the following**:
>
> […]
>
> 3. Dring and Asaro reserve the right to pursue trespass claims for any trespass over the West Shore Strip that may be committed by [Gillespie] **Plaintiffs** or **their successors-in-interest** or **successors-in-title** *on or after April 1, 2019*, and to pursue any claims for any *continuing trespass* which commenced *prior to that date*.

[Exhibit "A," 2019 Agreement ¶3, emphasis supplied].

Defendants' motions fail to attach or even reference the subsequent 2019 Agreement, which Plaintiffs attached to their Sur-Reply Brief in further opposition to Defendants' motions to dismiss. (Plaintiffs' Sur-Reply Brief, February 23, 2024, ECF 47).

Plaintiffs' Proposed Amended Complaint attaches the 2019 Agreement, and attaches documents in which Defendants and/or their predecessors-in-interest and/or predecessors-in-title admit that this Honorable Court as ruled in favor of Plaintiffs and that Defendants have no right to use or occupy the West Shore Parcel.

Defendants have made the argument that this Court ought not consider any documents that are not attached to the Complaint in ruling on the averments therein.[2] As such, to avoid even the remotest possibility that the Court may refuse to consider the 2019 Agreement in ruling on the pending motions, and to clear up and enhance certain allegations contained in the Complaint, and to specifically plead admissions made by counsel for Defendants and/or their predecessors-in-interest and/or predecessors-in-title, and to more clearly and specifically plead the relevant history of the litigated disputes between the parties, Plaintiffs seek leave of court to file the attached Proposed Amended Complaint.

---

[2] It is not unnoticed that Defendants rather selectively ask the Court to consider documents not attached to the complaint but attached to their motions to dismiss.

## II.   ARGUMENT

### A.  <u>Legal Standard</u>

Pursuant to F.R.C.P. 15(a) a party may seek leave of court to amend a Complaint.

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course.
> […]
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

F.R.C.P. 15(a)

The Federal Rules of Civil Procedure provide that a  "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Although the decision to grant or deny leave to amend a Complaint is committed to the sound discretion of the district court, leave should, consistent with the command of Rule 15(a), be liberally granted. <u>Gay v. Petsock</u>, 917 F.2d 768,772 (3 rd Cir.1990); <u>Coventry v . U.S. Steel Corp.</u>, 856 F2d 514, 518-19 (3 rd Cir.1988).

The United States Supreme Court has articulated the following standard to be applied in evaluating whether to grant or deny leave to amend:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u> , 371 U.S. 178, 183, 83 S.Ct. 227 , 9 L.Ed.2d 222 (1962).

Leave to file an amendment should only be denied if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Katzenmoyer v. City of Reading, Pa.</u>, 158 F.Supp.2d 491 (E .D . Pa. 2001) citing <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 , 104 S.Ct. 2229 , 81 L.Ed.2d 59 (1984). Amendments to pleadings should be liberally allowed so as to foster resolution of cases on their merits, rather than on basis of mere technicalities. <u>Peterkin v. Horn</u>, 988 F.Supp. 534 (E.D. Pa. 1997). A party is not prejudiced by the filing of adverse allegations; the prejudice must result from the party's inability to defend the new allegations at trial. See <u>Gardener v. Southern Ry Systems</u>, 675 F .2d 949 (7th Cir. 1982).

The 2019 Agreement, specifically states the following:

> NOW THEREFORE, intending to be legally bound, ***[Gillespie] Plaintiffs*** and Dring and Asaro, through their respective counsel, **<u>agree on the following</u>**:
>
> […]
>
> 3. Dring and Asaro reserve the right to pursue trespass claims for any trespass over the West Shore Strip that may be committed by [Gillespie] **Plaintiffs** or **<u>their successors-in-interest</u>** or **<u>successors-in-title</u>** *on or after April 1, 2019*, and to pursue any claims for any *continuing trespass* which commenced *prior to that date*.

[Exhibit "A," 2019 Agreement ¶3, emphasis supplied].

### B. **Plaintiffs' Motion to Amend Should Be Granted**

Plaintiffs' motion meets the legal requirements for leave to amend and supplement in that it is timely, in good faith, and the amendments are valid and supportable.

The federal rules state that the Court "should freely give leave when justice so requires" and that amendment is to be liberally granted.

In this case, justice requires amendment be allowed. Plaintiffs' Proposed Amended Complaint attaches documents and clarifies allegations that are vital to resolution of this matter on the merits and on a full and complete record.

Not only is Plaintiffs' amendment submitted in good faith and sufficient under the law, but  it is timely and necessary. The amendments are valid and supported by the law and the facts. Under the standard articulated in <u>Foman v. Davis</u>, 371 U.S. 178, 183, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), leave should be granted.

### C. **Defendants are Not Prejudiced**

The Defendants are not prejudiced by the amendment. The amendment is timely, in good faith, and avers valid causes of action based on the facts as pled. Defendants are not prevented from defending the new allegations. The timing of the amendment does not prejudice the Defendants. <u>Seiffert v. Solem</u>, 387 F.2d 925 (7 th

Cir. 1967) (Party is not prejudiced by an amendment to a complaint at the time of trial). There is simply no prejudice.

The Proposed Amended Complaint is attached as Exhibit "B" hereto. The Complaint is attached hereto as Exhibit "C" and a redline version of the Proposed Amended Complaint is attached as Exhibit "D".

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the within Motion and permit Plaintiffs to amend their Complaint consistent herewith.

Respectfully submitted,

CIPRIANI & WERNER

BY:  */s/ Philp A. Davolos III*
   **PHILIP A. DAVOLOS, III, ESQ.**
   415 Wyoming Avenue
   Scranton, PA  18503
   Telephone:  (570) 347-0600
   Fax:  (570) 347-4018
   pdavolos@c-wlaw.com

   *Attorneys for Plaintiffs  Nancy Asaro and Lori Dring*

-AND-

ROTHENBERG & CAMPBELL
Howard A. Rothenberg (Id.# 38804)
Ryan P. Campbell (Id.# 317838)
345 Wyoming Avenue, Ste. 210
Scranton, PA 18503
p. 570.207.2889
f. 570.207.3991
HRLaw01@gmail.com
HRLaw04@gmail.com

*Attorneys for Plaintiffs  Nancy Asaro
and Lori Dring*

## <u>LOCAL RULE 7.8(b)(2) CERTIFICATION</u>

Counsel hereby certifies that the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT contains 1,394  words according to the word processing system used to prepare the Memorandum of Law.

CIPRIANI & WERNER


BY:  ***/s/ Philip A. Davolos*** _____
Philip A. Davolos, III, Esquire

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I served a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, via ECF, upon all counsel of record, on the 14th day of March 2024, addressed as follows:

Geff Blake, Esquire
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA  18510
gblake@blakewalshlaw.com

Daniel T. Brier, Esquire
Richard L. Armezzani, Esquire
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
dbrier@mbklaw.com
rarmezzani@mbklaw.com

Patrick J. Boland III, Esquire
James D. Greco Esquire
MARSHALL DENNEHEY, P.C.
P.O. Box 3118
Scranton, PA 18505-3118
pjboland@mdwcg.com
jdgreco@mdwcg.com,

Harry T. Coleman, Esquire
Owen M. Coleman, Esquire
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
(570) 282-7440
Harry@harrycolemanlaw.com

**By:**   */s/ Philp A. Davolos*
PHILIP A. DAVOLOS, III, ESQ.