IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY ASARO and LORI DRING, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 3:23-CV-01576 |
| | : | |
| MICHAEL G. ABERNATHY, | : | JUDGE WILSON |
| MARY B. ABERNATHY, | : | |
| CHRISTA DONATI-DOUGHER, BRIAN R. DOUGHER, JUDITH TADDER, ALLAN L. TADDER, MARY ELIZABETH EMMEL, WILLIAM J. EGAN, JR., WILLIAM J. EGAN, and DENNIS JOHN DOUGHERTY, | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Michael G. Abernathy, Mary B. Abernathy, Christa Donati-Dougher, Brian R. Dougher, Judith Tadder, Allan L. Tadder, and Dennis John Dougherty ("Defendants"), by and through their undersigned counsel, move to dismiss the Amended Complaint filed by Plaintiffs Lori Dring and Nancy Asaro ("Dring and Asaro"), and, in support thereof, aver as follows:

1. Dring and Asaro's three-count Amended Complaint alleges trespass, ejectment, and declaratory judgment claims against Defendants regarding land identified as the West Shore Parcel. Am. Compl. (ECF 60) ¶ 20.

2. Dring and Asaro's claims allege that Defendants' actions "constitute continuing and/or intermittent wrongful trespass" and that "Defendants have wrongfully possessed, traversed and/or constructed structures upon . . . the West Shore Parcel." *Id.* ¶¶ 165-166, 173-174, 181-182.

3. Similarly, Dring and Asaro's claims all seek the following relief:

> **WHEREFORE**, the Plaintiffs, LORI DRING and NANCY ASARO, respectfully request this Honorable Court to:
>
> A. Enter an Order fixing, settling and determining the rights of all the parties to this suit in and to the lands and premises described in this Complaint; and
> B. Enforce the Prior Orders of this Court and prohibit the continuing trespass by Defendants across, over, and on and occupying at times the West Shore Parcel, and that Defendants have no stake, interest or right in, or lien or encumbrance upon, the lands described in paragraphs 124-126 hereof; and
> C. Order that Defendants be ejected from the lands of the Plaintiffs described in paragraphs 124-126 hereof, and
> D. Order that Defendants be forever barred from contesting the Plaintiffs' ownership of and right to possession of the land described in paragraphs 124-126 hereof; and
> E. Order that Defendants do not have the right to access or use and enjoy the waters of Lake Ariel and Mud Pond by violating Plaintiffs' rights and directly traversing Plaintiffs' property; and

  F. Award Plaintiffs compensatory and punitive damages; and

  G. Order such other relief as may be appropriate, including awarding Plaintiffs' attorneys' fees and costs due to the vexatious, dilatory, and intentional actions of Defendants, and because Plaintiffs are prevailing parties.

*Id*. at pp. 72-73 (Trespass);75-76 (Ejectment); 78-79 (Declaratory Judgment).

  4. Dring and Asaro's claims should be dismissed for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6).

  5. *First*, Dring and Asaro's claims (trespass, ejectment, and declaratory judgment) should be dismissed as barred by a 2006 Release. Having previously asserted a Counterclaim[1] against numerous West Shore Landowners, including Defendants and/or their predecessors in title, in *Ariel Land Owners, Inc. v. Lori Dring*, No. 3:01-CV-00294-ARC and thereafter having released "any and all claims arising out of or relating to the Lawsuit and the Western Shore Strip" ("2006 Release"), Dring and Asaro's instant claims are barred by this 2006 Release.

---

[1] True and correct copies of Dring and Asaro's Third Amended Counterclaim, Pre-Trial Memorandum, and Proposed Findings of Fact and Conclusions of Law filed in this Court at *Ariel Land Owners, Inc. v. Lori Dring*, No. 3:01-CV-00294-ARC are attached hereto (without referenced exhibits) as Exhibits A, B, and C, respectively.

6.      *Second*, Dring and Asaro's claims (trespass, ejectment, and declaratory judgment) should be dismissed pursuant to the doctrine of judicial estoppel.  Having previously argued that this same 2006 Release barred a prescriptive easement claim in *Gillespie v. Lori Dring*, No. 3:15-cv-00950-ARC both before the trial court[2] and on appeal,[3] Dring and Asaro should be estopped from asserting claims now and their Amended Complaint should be dismissed.

7.      *Finally*, and to the extent the Court does not dismiss this action in its entirely as barred by the 2006 Release or judicial estoppel or both, Dring and Asaro's claims for compensatory damages and punitive damages in Counts II and III are improper under applicable Pennsylvania law governing claims of ejectment and declaratory and injunctive relief.

8.      Accordingly, based on reasons stated above, Dring and Asaro's Amended Complaint fails to state a claim upon which relief can be granted because it is barred by the 2006 Release and/or Dring and Asaro are estopped from contesting the effect of the 2006 Release on its instant claims.

---

[2]  Dring and Asaro's Brief in Support and Reply Brief to their Motion for Summary Judgment in *Gillespie v. Lori Dring*, No. 3:15-cv-00950-ARC are attached hereto (without referenced exhibits) as Exhibits D and E, respectively.

[3]  Dring and Asaro's Brief of Appellees in *Gillespie et al. v. Dring,* Nos. 19-3582 and 19-2073 before the United States Court of Appeals for the Third Circuit is attached hereto (without referenced exhibits) as Exhibit F.

9. Pursuant to Section 14 of the 2006 Settlement Agreement attached to Plaintiffs' Amended Complaint as Exhibit Q, Defendants also seek an award of reasonable attorney's fees against Plaintiffs. *See* 2006 Settlement Agreement (Am. Compl. at Ex. Q) ¶ 14.)

10. Defendants rely on their supporting memorandum of law which will be filed within fourteen (14) days pursuant to Rule 7.5 of the Local Rules of Court.

WHEREFORE, Defendants Michael G. Abernathy, Mary B. Abernathy, Christa Donati-Dougher, Brian R. Dougher, Judith Tadder, Allan L. Tadder, and Dennis John Dougherty respectfully seek dismissal of this matter for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Respectfully submitted:

    /s/ Daniel T. Brier
    Daniel T. Brier
    Richard L. Armezzani
    Myers, Brier & Kelly, LLP
    425 Biden Street, Suite 200
    Scranton, PA  18503
    (570) 342-6100
    dbrier@mbklaw.com
    rarmezzani@mbklaw.com
    *Counsel for Defendants Michael G*
    *Christa Abernathy and Mary B. Abernathy*
    *Donati-Dougher, Brian R. Dougher, Judith*
    *Tadder, Allan L. Tadder and Dennis John*
    *Dougherty*

                                           Harry T. Coleman
                                           Owen M. Coleman
                                           Law Office of Harry T. Coleman
                                           41 N. Main Street, Suite 316
                                           Carbondale, PA 18407
                                           (570) 282-7440
                                           Harry@harrycolemanlaw.com
                                           Owen@harrycolemanlaw.com
                                           *Counsel for Defendants Michael G.*
                                           *Abernathy, Mary B. Abernathy*

Date:  July 26, 2024

## **CERTIFICATE OF NON-CONCURRENCE**

I, Daniel T. Brier, hereby certify that concurrence was sought from counsel for Plaintiff in this Motion. Mr. Davolos does not concur in the relief sought.

                                                  /s/ Daniel T. Brier
                                                  Daniel T. Brier

Date:  July 26, 2024

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Motion To Dismiss was served upon the following counsel of record via the Court's ECF system on this 26th day of July 2024:

> Howard A. Rothenberg, Esquire
> Ryan P. Campbell, Esquire
> Rothenberg & Campbell
> 345 Wyoming Avenue, Suite 210
> Scranton, PA 18503
> hrlaw01@gmail.com
>
> Philip A. Davolos, III, Esquire
> Cipriani & Werner, PC
> 415 Wyoming Avenue
> Scranton, PA 18503
> pdavolos@c-wlaw.com
>
> Geff Blake, Esquire
> Blake & Walsh Law, LLC
> 436 Jefferson Avenue
> Scranton, PA 18510
> gblake@blakewalshlaw.com

                                               /s/ Daniel T. Brier
                                               Daniel T. Brier