**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY ASARO and LORI DRING** | |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| vs | **THE HONORABLE**<br>**JOSEPH F. SAPORITO, Jr.** |
| **MICHAEL G. ABERNATHY, MARY B. ABERNATHY;** | |
| **Defendants**. | **NO.:  3:23-cv-01576** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

***NOW COMES***, Defendants, Michael G. Abernathy and Mary B. Abernathy, by and through counsel, Harry T. Coleman, Esquire and hereby responds to Plaintiff's Complaint and asserts Affirmative Defenses and Counterclaim as follows:

## PRELIMINARY STATEMENT

1.    Denied.

2.    Denied.

3.    Denied.

4.    Admitted.

5.    Admitted.

6.    Denied.

7.    Denied.  By way of further response, it is conceded Plaintiff claim ownership to the West Shore Parcel but same is denied.

8.    Denied.

9.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

10.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

11.    Admitted.   By way of further response, the Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

12.    Denied.

13.    Denied.

14.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

15.    Denied.

16.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

17.    Denied.

18.    Denied.

19.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

20.    Admitted. By way of further response, the Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

### PARTIES

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    This paragraph is addressed to others than answering defendants.

26.   This paragraph is addressed to others than answering defendants.

27.   This paragraph is addressed to others than answering defendants.

28.   This paragraph is addressed to others than answering defendants.

29.   This paragraph is addressed to others than answering defendants.

30.   This paragraph is addressed to others than answering defendants.

31.   This paragraph is addressed to others than answering defendants.

32.   This paragraph is addressed to others than answering defendants.

## JURISDICTION

33.   Admitted in part. It is denied the damages to Plaintiff exceed $75,000.00 as alleged.

34.   Admitted.

## BACKGROUND

35.   Admitted.

36.    Admitted.

37.    Denied. Answering Defendants are without sufficient knowledge information and belief as to the allegations contained within this paragraph and strict proof demanded.

38.    Denied. Answering Defendants are without sufficient knowledge information and belief as to the allegations contained within this paragraph and strict proof demanded.

39.    Denied. Answering Defendants are without sufficient knowledge information and belief as to the allegations contained within this paragraph and strict proof demanded.

40.    Denied. Answering Defendants are without sufficient knowledge information and belief as to the allegations contained within this paragraph and strict proof demanded.

41.    Denied.

42.    Denied.

43.    Denied. Answering Defendants are without sufficient knowledge information and belief as to the allegations contained within this paragraph and strict proof demanded.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Admitted.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied as material or relevant.

57.    Denied as material or relevant.

58.    Denied as material or relevant.

59.    Denied as material or relevant.

60.    Denied.

61.    Denied.

62.    Denied as material or relevant.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## PLAINTIFF'S PROPERTY PURCHASE

68.    Denied.

69.    Admitted as to prior litigation but denied as to the characterization of same.

70.    Denied.

71.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

72.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

73.    Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

74.    Admitted as to prior litigation but denied as to the characterization of same.

75.    Admitted as to prior litigation but denied as to the characterization of same.

76.    Admitted as to prior litigation but denied as to the characterization of same. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

77.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

78.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

79.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

80.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

81.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

82.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

83.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

84.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

85.    Admitted.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

91.  Denied.

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Admitted as to the language of the Circuit Court.

100.  Denied.

101.  Denied.

102.  Admitted.

103.  Admitted.

104.  Denied.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

## THE LAND AND TITLE

115.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

116.  Denied.  The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

117.  Denied.

118.  Denied.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

124.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

125.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Admitted.

130.  Admitted.

131.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

132.  Admitted. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

133.  Admitted.

134.  Denied.

135.  Denied.

136. Admitted.

137. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Admitted.

144. Admitted.

145. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

146. Admitted.

147. (a) Denied

(b-f) These subparagraphs are directed to others than Answering Defendants.

148.  Denied.

149.  Denied.

150.  Denied.

151.  Denied.

152.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

153.  This paragraph is addressed to others than Answering Defendants.

154.  This paragraph is addressed to others than Answering Defendants.

155.  This paragraph is addressed to others than Answering Defendants.

156.  This paragraph is addressed to others than Answering Defendants.

157.  This paragraph is addressed to others than Answering Defendants.

158.  Denied.

159.  This paragraph is addressed to others than Answering Defendants.

## COUNT I TRESPASS

160. The responses contained in all preceding paragraphs are adopted as if set forth herein at length.

161. Admitted.

162. Denied.

163. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

164. Denied.

165. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

166. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

167. Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

**WHEREFORE**, Defendants respectfully request judgment be entered in their favor plus an award of costs and attorney's fees.

## COUNT II EJECTMENT

168.  The responses contained in all preceding paragraphs are adopted as if set forth herein at length.

169.  Admitted.

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

174.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

175.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

**WHEREFORE**, Defendants respectfully request judgment be entered in their favor plus an award of costs and attorney's fees.

## COUNT III DECLARATORY AND INJUNCTIVE RELIEF

176.    The responses contained in all preceding paragraphs are

adopted as if set forth herein at length.

177.  Admitted.

178.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

179.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

180.  Denied.

181.  Denied.

182.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

183.  Denied. The Abernathy Defendants, and their predecessors in title, have claimed ownership to the subject West Shore Parcel by their conduct over many decades at Lake Airel.

**WHEREFORE**, Defendants respectfully request judgment be entered in their favor plus an award of costs and attorney's fees.

## AFFIRMATIVE DEFENSES

The defenses of the Abernathy's are set forth below.  By stating a defense, Abernathy's do not assume the burden of proof on that defense except to the extent that any applicable law requires Defendant to prove the defense.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims and any rights to recover against Answering Defendants are barred in whole or in part by the applicable statutes of limitations, other similar statutes, contractual provisions and other fundamental principles of law including estoppel, waiver and laches.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against the Abernathy's.

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim in trespass, ejectment or is declaratory or injunctive relief appropriate.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Abernathy's are barred, in whole or in part, because at all times and with respect to all allegations asserted in the Amended Complaint, the Abernathy's  acted in a non-intentional and

privileged manner, for legitimate reasons wholly unrelated to any alleged

improper conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by their failure to mitigate their damages

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Answering Defendants were not signatories or bound by any prior Release or Settlement Agreement and are not bound by same.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as Plaintiffs consented to Defendants conduct and that of their predecessors in title.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or part, because Defendants have a legal right to use of the disputed parcel.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred in whole or in part as Defendants conduct was not intentional.

## TENTH AFFIRMATIVE DEFENSE

The claim of Plaintiff for ejectment does not provide an abstract of title to the disputed strip at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendant has superior title to the disputed strip by virtue of an easement by prescription and implication.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's request for attorney's fees is barred as Answering Defendants were not party or signatories to any prior Agreement or was said purported Agreement docketed so as to be illuminated in a title search.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim to the disputed strip is barred by the doctrine of adverse possession by Answering Defendants and their predecessors in title.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the legal right to the strip of land at issue is a result of mistake and a scrivener error in the chain of title.

## FIFTHEENTH AFFIRMATIVE DEFENSE

Defendants never acted intentionally here such that Plaintiff's claim to trespass is unsupportable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Defendant's activity on and over the disputed strip were done by privilege to do so.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited as Defendant's alleged improper entry on the disputed strip did not cause any actual harm to Plaintiff's.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the law of damages applied to a continued trespass although the trespass is specifically denied.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's trespass claims are barred as Plaintiff's lack standing to advance the claim.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Defendants have an easement to use the disputed strip at issue.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Gist of the Action doctrine as Plaintiff's claim sound in tort.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as there is no reference to any retention by Weston relative to Lake Airel either by Deed or historical documents.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as their lacks evidence of any retention by Weston, the object or purpose of Weston or conditions at time of transfer which does not evidence any intent by Weston to retain any portion of Lake Airel.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as they have violated and abused the spirt and intent of the College transfers by Quit Claim Deed in that their conduct is "prohibiting physical access to the Lake" by the Answering Defendants.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims of ejectment, trespass an declaratory judgment are barred by the terms and provisions of their 2006 Settlement Agreement and Release.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred that if it is judicially determined that Answering Defendants are somehow bound by the 2006 Settlement Agreement, neither Answering Defendants or their predecessors in title ever materially breached that agreement but Plaintiffs have so materially breached.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the claims at bar werereleased by the 2006 Agreement when they agreed to allow the Answering Defendants predecessor in title to cross the disputed strip in return for releasing claims against Dring.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of judicial estoppel.

## TWENTY NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are barred by the fact Answering Defendant were not signatories to the 2006 Agreement.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred and or limited by the 2019 Agreement.

Answering Defendant Abernathy's reserves the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, Answering Defendant Abernathy's respectfully requests the Court enter judgment in their favor dismissing the Amended Complaint in its entirety with prejudice; award costs, disbursement and attorneys' fees for the defense of this action; and such other and further relief as the Court deems just and proper.

## COUNTERCLAIM BY MICHAEL AND MARY ABERNATHY vs. NANCY ASARO and LORI DRING

1.   Counterclaim Plaintiff's, Michael G. Abernathy and Mary B. Abernathy, are adult individuals and residents and of Kentucky, with an address of 8810 Denington Drive, Louisville, Kentucky; and own real property and associated rights near the western shore of Lake Ariel with a street address of 160 West Shore Drive, Lake Ariel, Pennsylvania.

2.   Counterclaim Defendant Nancy Asaro, is an individual residing at 28 Trenton Terrace, Wayne, New Jersey, and is a resident and citizen of the State of New Jersey.

3.   Counterclaim Defendant Lori Dring, is an adult individual residing at 29 Sleepy Hollow Drive, Oak Ridge, New Jersey 07438, and is a resident and citizen of the State of New Jersey.

4.   This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties, and the amount in controversy, which exceeds seventy-five thousand dollars ($75,000.00) as against each Defendant.

5.    On May 29, 2018, Counterclaim Plaintiffs Abernathy's purchased their Lake Airel property by Deed from Matthew Drace and Jonathan Cherners (See Doc. 1-6 (Exhibit "C")).

6.   The Deed contained the legal descriptions of two parcels and indicated the transfer was "Subject to the same exceptions, restrictions, reservations and conditions as are contained in prior deeds and leased forming the chain of title, reference Indenture from C.H. Schadt, dated December 15, 1905, and recorded in Deed Book 94, at page 294, unto Millie T. Schadt, Indenture from the Estate of of Charles H. Schadt, Deceased, by Flora M. Schadt, Executrix, dated November 5, 1908, and recorded in Deed Book 99, at page 146, unto John A. Schadt and Indenture of Floyd E. Bortree Land Company, a domestic corporation, dated July 24, 1935, and recorded in Deed book 139, at page 565, unto Robert Weir Michael and Mabel L. Michael, his wife, **with special reference accorded to the parties in the chain of title, their heirs and assigns, as to Lake rights and privileges granted in consideration of rental therein set forth**. (emphasis added) (See Doc. 1-6, p. 3-4 (Exhibit "C")).

7.   In the Agreement dated July 24, 1936, and recorded in Wayne County Deed Book 139, page 565, the Floyd Bortree Land Company granted, for 999 years, the Counterclaim Plaintiff Abernathy's predecessor in title, Robert Weir Michale and Mabel L. Michael, his wife, **the same Lake**

**Airel privileges** as granted in the original lease. (emphasis added) (See Doc. 1-6, p. 39 (Exhibit "C")).

8.  On December 15, 1905, as reflected in Wayne County Deed Book 97, page 560, C.W. Shadt transferred to Willie T. Shadt, a predecessor in title to Counterclaim Plaintiff's, **privileges to use Lake Airel for described recreational uses.** (See Doc. 1-6, p. 45 (Exhibit "C")).

9.  Counterclaim Defendants claim ownership to a disputed strip of land on the West Shore of lake Airel on or near the shoreline of Lake Airel. The claim of ownership spawns from Quit claim Deeds secured by the Counterclaim Defendants from Wells College (December 16, 2001) (See Doc. 1-27, p. 2 (Exhibit "A")) and Rensselaer Polytechnic Institute (November 2, 2001) (See Doc. 1-26, p. 2 (Exhibit "A")).

10.  The aforesaid Deeds from Wells College and Rensselaer Polytechnic Institute contained the following restriction:

> By acceptance of this Deed, the Grantee covenants that it will not, without the prior written consent of the Grantor, sell assign, gift, bequest or transfer in any manner its interest in the real property conveyed hereunder to any person or entity, if such transfer would adversely affect any adjoining property owners or **property owners along the same side of the Lake** as the parcel conveyed hereunder or the Lake /Homeowners Association.  Any adverse effect would be created (but is not limited to the following examples) if the Grantee transfers the parcel

conveyed herein for any sum of money larger than the price paid to the Grantor **or by prohibiting physical access to the Lake.**

(emphasis added) (See Doc. 1-26, p. 3 (Exhibit "A")).

11.    Subsequently, approximately nineteen years later and following, and during, extensive litigation concerning the rights at issue, Counterclaim Defendants secured a second Quit Claim deed from Wells College, the above restriction was relaced as to Wells College only, by a restriction contained in a Deed dated October 16, 2020, without reference to a Deed Book or page number. (See Doc. 1-28, p. 2-3 (Exhibit "A")).  It must be noted that Counterclaim Plaintiff's purchased their property at Lake Airel on May 29, 2018.

## COUNT I EASEMENT BY PRESCRIPTION

12.    Counterclaim Plaintiff repeats all prior paragraphs of this pleading as if set forth herein at length.

13.    This is an action under to state prescription *to* establish Plaintiff's right to a prescriptive easement on property purportedly owned by Counterclaim Defendants, and for other appropriate relief.

14.    Plaintiff's, Michale and Mary Abernathy, are the owner of real

property located in the Wayne County, State of Pennsylvania, at 160 West Shore Drive, Lake Airel, described in Wayne County Instrument Number 201800003448 as reflected in a Deed to the Abernathy's May 29, 2018.

15.    Counterclaim Defendants, Nancy Asaro and Lori Dring are the purported owner of a strip of land at or near the shoreline to Lake Airel in the front of the Abernathy property located as above, and described in Quit Claim Deeds and allegedly filed in the Wayne County Recorder of Deeds Office.

16.    Since acquisition of the property and through their predecessors for over a century, Counterclaim Plaintiffs have regularly made use of a strip of land to access Lake Airel. Counterclaim Plaintiffs, and their predecessors in title, have used the strip of land at issue for the purpose of gaining access to Lake Airel for recreational purposes. During this period of time, in plain sight of Counterclaim Defendants and their predecessors in title and with their actual knowledge, Counterclaim Plaintiffs and their predecessors in title have placed a dock and deck in order to enjoy the serenity and beauty of Lake Airel countless times throughout the year and, at frequent intervals, have used a boat to launch into the waters of Lake Airel.

17.    Counterclaim Plaintiff's, and their predecessors in title,  have

made use of the disputed strip  without Counterclaim Defendant's

permission as a matter of right, believing, both from the location of the deck

and dock with respect to the Lake  and from Counterclaim Defendant's, and

their predecessors in title's,  acquiescence in Counterclaim Plaintiff's use of

the disputed strip on the Lake Airel shoreline, that they had a right to use

the strip of land  for access to Lake Airel.

18.    Counterclaim Plaintiff's, and their predecessors in title,

continued to use the disputed strip in the aforementioned manner

continuously, and without interruption, objection, or hindrance on the part of

Counterclaim Defendants, for a period of time in excess of *one hundred*

*years,* until September 21, 2023 at which time Counterclaim Defendants

filed the instant action seeking to  prevent Counterclaim Plaintiff's further

use of the strip of land.

19.    Counterclaim Plaintiff's, and their predecessors in title's, open,

notorious, continuous and uninterrupted use of the strip of land  located on

the shore line of Lake Airel under a claim of right known to Counterclaim

Defendants, and their predecessors in title, for a period in excess ninety

years is sufficient to confer upon Counterclaim Plaintiffs, as user of the land

at the shoreline of Lake Airel a prescriptive easement to continue such

uses pursuant to Pennsylvania law.

**WHEREFORE**, Counterclaim Plaintiffs, Michale and Mary

**A**bernathy, prays that the Court grant the following relief:

A.  A temporary restraining order prohibiting Counterclaim

Defendants from installing any fence or barrier which would block

Counterclaim Plaintiff's use of the shore access to Lake Airel in front of

their property, and prohibiting Counterclaim Defendants from interfering in

any manner with such use during the pendency of this action.

B.   Judgment that Counterclaim Plaintiffs have the right to

continued use of the Counterclaim Defendants purported strip of land at the

shoreline of Lake Airel for access to Lake Airel from Counterclaim Plaintiff's

house and property, both to reach Lake Airel  from their property from all

points along the shoreline without hindrance or restriction on the part of

Defendant.

C. A permanent injunction barring Counterclaim Defendants

from hindering or restricting Counterclaim Plaintiff's use of Lake Airel, and specifically enjoining erection of any fence or barrier which would obstruct Counterclaim Plaintiff's use of the Lake Airel.

D.  A determination by this Court that Counterclaim Plaintiffs have a legal easement from the land on the shoreline to access Lake Airel over the purported land of Counterclaim Defendants.

E. An award of the costs of this action.

F.  Such other relief as the Court may deem appropriate.

## COUNT II EASEMENT BY IMPLICATION

20.    Counterclaim Plaintiff repeats all prior paragraphs of this pleading as if set forth herein at length.

21.    This is an action under to state an Easement by Implication *to* establish Plaintiff's right to a implicit easement on property purportedly owned by Counterclaim Defendants, and for other appropriate relief.

22.    Plaintiff's, Michale and Mary Abernathy, are the owner of real property located in the Wayne County, State of Pennsylvania, at 160 West Shore Drive, Lake Airel, described in Wayne County Instrument Number 201800003448 as reflected in a Deed to the Abernathy's May 29, 2018.

23.    Counterclaim Defendants, Nancy Asaro and Lori Dring are the purported owners of a strip of land at or near the shoreline to Lake Airel in the front of the Abernathy property located as above, and described in Quit Claim Deeds and allegedly filed in the Wayne County Recorder of Deeds Office.

24.    In the Quit Claim Deeds to Counterclaim Defendants, language by the Grantee College's establishes an easement by implication in favor of Counterclaim Plaintiff's.

**WHEREFORE**, Counterclaim Plaintiffs, Michale and Mary Abernathy, prays that the Court grant the following relief:

A.  A temporary restraining order prohibiting Counterclaim Defendants from installing any fence or barrier which would block Counterclaim Plaintiff's use of the shore access to Lake Airel in front of their property and prohibiting Counterclaim Defendants from interfering in any manner with such use during the pendency of this action.

B.  Judgment that Counterclaim Plaintiffs have the right to continued use of the Counterclaim Defendants purported strip of land at the shoreline of Lake Airel for access to Lake Airel from Counterclaim Plaintiff's house and property, both to reach Lake Airel  from their property from all

points along the shoreline without hindrance or restriction on the part of Defendant.

C    A permanent injunction barring Counterclaim Defendants from hindering or restricting Counterclaim Plaintiff's use of Lake Airel, and specifically enjoining erection of any fence or barrier which would obstruct Counterclaim Plaintiff's use of the Lake Airel.

D.   A determination by this Court that Counterclaim Plaintiffs have a legal easement from the land on the shoreline to access Lake Airel over the purported land of Counterclaim Defendants.

E. An award of the costs of this action.

F.  Such other relief as the Court may deem appropriate.

## COUNT III DECLARATORY JUDGMENT

25.    Counterclaim Plaintiff repeats all prior paragraphs of this pleading as if set forth herein at length.

26.    A determination by this Court that Counterclaim Plaintiff has an easement over the disputed strip of land Plaintiff claims by virtue of their title and express easement.

27.    A determination by this Court that Counterclaim Plaintiffs have

a legal prescriptive easement from the land on the shoreline to access Lake Airel over the purported land of Counterclaim Defendants.

28.    A determination by this Court that Counterclaim Plaintiffs have a legal easement by implication from the land on the shoreline to access Lake Airel over the purported land of Counterclaim Defendants.

29.    There is a justiciable controversy between Counterclaim Plaintiff's Michael and Mary Abernathy and Counterclaim Defendants with respect to the Abernathy's rights to enter into Lake Airel from their property for purposes of enjoying recreational pursuits and the serenity of Lake Airel.

**WHEREFORE**, Counterclaim Plaintiffs, Michale and Mary Abernathy, prays that the Court grant the following relief:

A.    A temporary restraining order prohibiting Counterclaim Defendants from installing any fence or barrier which would block Counterclaim Plaintiff's use of the shore access to Lake Airel in front of their property and prohibiting Counterclaim Defendants from interfering in any manner with such use during the pendency of this action.

B.    Judgment that Counterclaim Plaintiffs have the right to continued use of the Counterclaim Defendants purported strip of land at the shoreline of Lake Airel for access to Lake Airel from Counterclaim Plaintiff's

house and property, both to reach Lake Airel  from their property from all points along the shoreline without hindrance or restriction on the part of Defendant.

C  . A permanent injunction barring Counterclaim Defendants from hindering or restricting Counterclaim Plaintiff's use of Lake Airel, and specifically enjoining erection of any fence or barrier which would obstruct Counterclaim Plaintiff's use of the Lake Airel.

C. A determination by this Court that Counterclaim Plaintiffs have a legal easement from the land on the shoreline to access Lake Airel over the purported land of Counterclaim Defendants.

E. An award of the costs of this action.

F.  Such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated:  October 3, 2025

LAW   OFFICE   OF   HARRY   T. COLEMAN

By: _____ __Harry T. Coleman_____
        Harry T. Coleman, Esquire
        Attorney ID.:  49137
        41 N. Main Street
        3rd Floor, Suite 316
        Carbondale, PA  18407
        570-282-7440
        570-282-7606, fax

Harry@harrycolemanlaw.com
*Attorney for Abernathy's*