## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

NANCY ASARO AND LORI
DRING,

     Plaintiffs,

     v.

MICHAEL G. ABERNATHY, et al.,

     Defendants.

CIVIL ACTION NO. 3:23-CV-01576

(SAPORITO, J.)

## <u>MEMORANDUM</u>

On March 28, 2025, we granted in part and denied in part the defendants' motions to dismiss for failure to state a claim. (Doc. 81). While we granted the defendants' motions concerning the plaintiffs' request for compensatory and punitive damages, we denied all other claims on the basis that the plaintiffs' claims were neither barred by a previous agreement signed between the parties nor by the doctrine of judicial estoppel. (Doc. 81, at 7). On April 11, 2025, the defendants filed a Rule 59(e) motion for reconsideration of our order denying in part the defendants' motions to dismiss, and in the alternative, they timely moved for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

(Doc. 88).[1] That motion is now fully briefed and ripe for decision. (Doc. 89; Doc. 90).

## I.    Motion for Reconsideration

Typically, the scope of a Rule 59(e) motion to alter or amend final judgment "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between

---

[1] Due to their mutual desire to mediate the dispute, the parties have engaged in two settlement conferences since the filing of the motion for reconsideration. (Doc. 108; Doc. 116). Only two defendants remain in this action: defendants Michael G. Abernathy and Mary B. Abernathy. The remaining eight defendants have reached a settlement agreement with plaintiffs, resulting in the dismissal of all claims against them in this action. (*Id.*).

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 361 (M.D. Pa. 2015). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Here, there has been no intervening change in the law, the defendants have proffered no new evidence, and we find no clear error of law or fact.[2] Indeed, upon review of the defendants' motion, we find that it chiefly raises issues that were either previously argued before the Court or those that were addressed in our memorandum on March 28, 2025. *See generally* (Doc. 89) (raising issues of contract interpretation

---

[2] We take notice of the defendants' argument that reconsideration is warranted due to the Court applying an "evidence" standard at the motion to dismiss stage. (Doc. 89, at 15–16). We must clarify that although we used the word "evidence" in our memorandum concerning the defendants' motions (and perhaps the more appropriate word would have been "allegations"), our interpretation of the 2006 Settlement Agreement's unambiguous release concerned the allegations before the Court rather than extrinsic evidence.

and arguments concerning the doctrine of judicial estoppel). "Requests for a 'second bite of the apple' [however] are not an appropriate basis for relief on a motion for reconsideration." *Zhaojin Ke v. DiPasquale*, No. CV 18-125, 2019 WL 4889109, at *1 (W.D. Pa. Oct. 3, 2019). Therefore, the defendants' motion for reconsideration will be denied.

## II.    Request for an Interlocutory Appeal

Under § 1292(b), a district court may certify an order for interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The burden is on the moving party to demonstrate that each requirement is satisfied." *Isbell v. Bellino*, 962 F. Supp. 2d 738, 759 (M.D. Pa. 2013). "Even if the statutory conditions are met, the Court may exercise its discretion to decline to certify the order." *Id.*; *See generally Caterpillar Inc. v. Lewis*, 518 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

The plaintiffs seemingly do not contest that our order "involves a controlling question of law" as they fail to address this assertion in their opposition brief. *See* (Doc. 90). But even so, we find that the defendants have failed to satisfy their burden concerning this requirement. Many courts in this Circuit "have declined to find contract interpretation to be an appropriate issue for interlocutory appeal." *Gress v. Freedom Mortg. Corp.*, No. 1:19-CV-375, 2019 WL 13201962, at *4 (M.D. Pa. Sept. 3, 2019) (citing *Great Am. Ins. Co. of New York v. Int'l Custom Prod., Inc.*, No. 09-124, 2011 WL 3290238, at *2 (W.D. Pa. June 30, 2011)) ("[I]nterlocutory review of a district court's interpretation of a contract is inappropriate because it involves mixed questions of law and fact for which 28 U.S.C. § 1292(b) was not designed to provide interlocutory appeal.") (internal citations omitted); *Liberty Salad, Inc. v. Groundhog Enters., Inc.*, No. CV 17-226, 2019 WL 1303829, at *4 (E.D. Pa. Mar. 20, 2019) (quoting *Aristocrat Lesisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005)) ("While the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal."); *Glover v. Udren*, No. CIV. 08-990,

2013 WL 3072377, at *2 (W.D. Pa. June 18, 2013) ("[T]he court merely interpreted the contracts between the parties, and applied the facts of the case to established contractual principles. As such, … [it] is not a 'controlling question of law' that necessitates certification for interlocutory appeal."). Therefore, because the defendants' appeal concerns our interpretation of a previous contract between both parties, we find that the defendants' contention is not an appropriate basis for interlocutory appeal.

Nonetheless, even if the defendants' assertion concerned a controlling question of law, we do not find a substantial ground for difference of opinion with respect to the question at issue to satisfy the second requirement. "Substantial grounds for difference of opinion exist when there is a genuine doubt or conflict precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (citing *Bradburn Parent Teacher Store, Inc. v. 3M (Minn. Mining & Mfg. Co.)*, 2005 WL 1819969 (E.D. Pa. Aug. 2, 2005)). "A motion for certification cannot be granted 'merely because a party disagrees with the ruling of the district judge.'" *Id.* (quoting *Max Daetwyler Corp v. R. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983)); *see*

*Snook v. Penn State Geisinger Health Plan*, 2002 WL 34463156, at *5 (M.D. Pa. Mar. 4, 2002) ("While [the plaintiff] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal."). The defendants contend that our ruling on March 28, 2025, contradicts the Court's prior interpretation in *Gillespie v. Dring*, 350 F. Supp. 3d 333, 335 (M.D. Pa. 2018), *aff'd,* No. 19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022). As we explained in our memorandum in the underlying action, however, the "Court's holding in *Gillespie* and now our holding here in the current action" are consistent. *Asaro v. Abernathy*, No. 3:23-CV-01576, 2025 WL 950851, at *7 (M.D. Pa. Mar. 28, 2025). Moreover, even taking the defendants' contention as true, "some courts have been wary to deem differing opinions as 'substantial'" when resorting to "Pennsylvania's well-established principles of contract interpretation to resolve the precise issue before it." *Griggs Rd., L.P. v. Selective Way Ins. Co. of Am.*, No. 4:17-CV-00214, 2019 WL 3230916, at *2 (M.D. Pa. May 22, 2019). Therefore, we do not find that a substantial ground for difference of opinion exists with respect to the action to satisfy the second requirement.

In light of this analysis, we conclude that the moving party, the

Abernathy defendants, have failed to satisfy their burden of demonstrating that all three of the requirements for certification of an interlocutory appeal under § 1292(b) have been met. Because the defendants failed to satisfy their burden concerning the first two requirements for certification, we need not undertake an analysis concerning the third requirement as to whether an immediate appeal would materially advance the ultimate termination of this litigation. But even if all three of these statutory requirements were present, we would exercise our discretion and decline to certify an interlocutory appeal because the challenged order simply does not present the sort of exceptional case for which discretionary interlocutory appeal under § 1292(b) is intended. *See Catepillar Inc.*, 519 U.S. at 74; *Isbell*, 962 F. Supp. 2d at 759.

## III.    Conclusion

Accordingly, the defendants' motion for reconsideration, and in the alternative a motion for certification of an interlocutory appeal, is denied.

An appropriate order follows.


Dated: October 21, 2025          *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge