IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY ASARO and LORI DRING, | : | |
| Plaintiffs | : | CIVIL ACTION- LAW |
| vs. | : | No. 3:23-cv-01576 |
| MICHAEL G. ABERNATHY and MARY B. ABERNATHY, | : | |

**PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT ORDER AND EXTEND DEADLINES**

AND NOW, come the Plaintiffs, Nancy Asaro and Lori Dring, ("Plaintiffs" or "Dring/Asaro"), by and through the undersigned counsel, and respectfully moves this Honorable Court for an Order amending the Scheduling Order in this matter dated March 25, 2026 (Doc. 164) and in support thereof state the following:

1. Plaintiffs, Lori Dring and Nancy Asaro, commenced this action on September 21, 2023 by filing a Complaint, alleging, inter alia, Trespass, Ejectment, and Declaratory Judgment, concerning a parcel of land referred to as the West Shore Parcel ("WSP") (Doc. 1)

2. For various reasons, discovery in this matter was largely stayed from its inception until the Court entered a Scheduling Order on October 2, 2025. (Doc. 124)

3. Defendants filed an Answer with Counterclaim and Affirmative Defenses on October 7, 2025. (Doc 126) Plaintiffs filed a Motion to Dismiss and/or Strike Counterclaims and Affirmative Defenses on October 27, 2025. (Doc 131) Plaintiff's Motion was opposed by Defendants (Doc 134) The briefing on the Motion to Dismiss and/or Strike was completed on December 15, 2026. (Docs 137, 141 and 143)

4. The parties have exchanged and Amended Rule 26 Initial Disclosures.

5. On March 25, 2026, upon the parties joint request, this Honorable Court issued a new Scheduling Order providing that all fact discovery would be concluded by July 10, 2026, Plaintiffs' expert reports would be due by July 24, 2026, Defendant's expert reports would be due by Monday, August 24, 2026, supplements or rebuttal expert reports would be due by September 25, 2026, all expert discovery would be concluded by October 23, 2026 and Dispositive Motions, if any, would be filed by November 6, 2026. (See copy of the Court's Scheduling Order dated March 25, 2026 (Doc. 164) attached hereto as Exhibit A).

6. Since March 25, 2026, the parties have diligently pursued discovery. This has included, but is not limited to, the serving and answering of Interrogatories and Request for Production of Documents. Specifically, Plaintiff, in response to Defendant's Request for Production of Documents, has produced over 3,000 pages of documents in response to Defendant's discovery requests.

7. Upon receipt of the parties' answers to each other's discovery requests, a dispute arose over the sufficiency of each parties responses to Interrogatories and Request for Production of Documents.

8. More specifically, on February 7, 2026, Defendants' counsel forwarded an email to Plaintiffs' counsel indicating that he found Plaintiff's responses to Defendants' Request for Production of Documents and Interrogatories to be insufficient and inappropriate. (See copy of Defendant's counsel's email dated February 7, 2026 attached hereto as Exhibit B).

9. In response, Plaintiffs' counsel on February 9, 2026, responded to Defendants' counsels email asking for more specificity on which discovery demands or objections Defendants' counsel felt needed to be addressed. In that email, Plaintiffs' counsel indicated that he felt that the parties should be able to work out paper discovery issues without involvement of the Court. (See copy of Attorney Davolos' email dated February 9, 2026 attached hereto and marked Exhibit C).

10. Later the same day, Attorney Davolos forwarded an email to Defendants' counsel supplementing responses to Request for Production of Documents and forwarding additional documentation which included the 2006 Waldron report that was accepted previously by this Court. (See copy of Attorney Davolos' email dated February 9, 2026 marked Exhibit D).

11. Thereafter, on March 6, 2026, counsel held a conference call with the Honorable Joseph Saporito of the United States District Court for the Middle District of Pennsylvania. During that call, Defendants' attorneys concerns regarding Plaintiffs' allegedly insufficient answers to discovery were discussed as were Plaintiffs' concerns regarding Defendants' alleged insufficient answers to Plaintiffs' discovery requests. Judge Saporito strongly encouraged counsel to hold a conference call to work out their differences and then report back to the Court on any differences that could not be worked out between the parties.

12. Immediately after that conference call ended on March 6, 2026, Plaintiffs' counsel emailed Defendants' counsel with dates and times that both he and Attorney Davolos were available to discuss each parties insufficient answers to discovery per the Judge's instructions. (See copy of Attorney Rothenberg's email to Attorney Coleman dated March 6, 2026 marked Exhibit E).

13. In response, Defendants' counsel emailed Plaintiffs' counsel on March 10, 2026 indicating that defense counsel would clear his schedule early the following week for a Zoom conference to attempt to address the discovery deficiencies. (See copy of Attorney Coleman' email to Attorney Rothenberg dated March 10, 2026 marked Exhibit F).

14. Later that same day on March 10, 2026, Attorney Rothenberg emailed Attorney Coleman and indicated that he and Attorney Davolos were available for a Zoom conference, per Attorney Coleman's request, on March 17, 2026 at 11 a.m. (See copy of Attorney Rothenberg's email dated March 10, 2026 marked Exhibit G).

15. On March 11, 2026, Attorney Coleman confirmed his availability for a Zoom conference on March 17, 2026 and indicated that his office would host same. (See copy of Attorney Coleman's email dated March 11, 2026 marked Exhibit H).

16. On the day before the Zoom conference was to occur, March 16, 2026, and in anticipation of addressing Defendants' insufficient and deficient discovery responses to Plaintiffs' discovery requests, Attorney Davolos forwarded to Attorney Coleman a four page letter specifically outlining what Plaintiffs' counsel felt was deficient about Defendants' Responses to Plaintiffs' discovery requests and concluded the letter by indicating he looked forward to discussing these issues tomorrow during the Zoom conference. (See copy of Attorney Davolos' email to Attorney Coleman dated March 16, 2026 marked Exhibit I).

17. In response, on March 17, 2026 at 5:58 a.m, Attorney Coleman forwarded an email to Attorney Davolos in which he stated "Counsel: you are mistaken as to the purpose of today's call. We will review Plaintiffs' discovery responses only." (See copy of Attorney Coleman's email dated March 17, 2026 directed to Attorney Davolos marked Exhibit J).

18. On March 17, 2026, counsel held the scheduled Zoom conference call. During that call, counsel spent a considerable amount of time discussing Plaintiffs' alleged deficient responses to Defendants' discovery requests and were able to resolve most if not all of those issues. At the end of that conversation, when Plaintiff's counsel attempted to discuss Defendants' deficient and insufficient responses to Plaintiffs' discovery requests, Defendants' counsel refused to do so and abruptly hung up the phone.

19. After the Zoom conference call ended, on March 17, 2026 at 4:17 pm, Plaintiffs' counsel, Phil Davolos, forwarded an email to Harry Coleman confirming what had occurred at the Zoom conference earlier that day and followed up on his request, that he had made during the Zoom conference call, that Attorney Coleman provide a date on which he would be available to discuss Defendants' insufficient and deficient responses to Plaintiffs' discovery requests. (See copy of Attorney Davolos' email to Attorney Coleman dated March 17, 2026 marked Exhibit K).

20. On March 17, 2026, Attorney Coleman responded to Attorney Davolos via email indicating that he never "refused" to review Defendants' insufficient and deficient responses to Plaintiffs' discovery requests. Instead, Attorney

Coleman took the position in his email (contrary to what he said during the Zoom conference) that because he was not prepared to discuss Attorney Davolos' letter pointing out the insufficient and deficient responses during the Zoom conference, he did not wish to do so at that time but "I would make myself available to address your letter at another agreed upon date and time." (See copy of Attorney Coleman's email to Attorney Davolos dated March 17, 2026 marked Exhibit L ).

21. Thereafter, Plaintiffs' counsel never received any date from Attorney Coleman, contrary to his representation, that he would be available to discuss Defendants' insufficient and deficient responses to Plaintiffs' discovery requests. Instead, on April 28, 2026, Attorney Coleman forwarded a letter to both Plaintiffs' counsel requesting dates in late May and early June to depose the Plaintiffs, Nancy Asaro and Lori Dring. (See copy of Attorney Coleman's email dated April 28, 2026 marked Exhibit M).

22. That same day, April 28, 2026 at 1:27 p.m, Attorney Rothenberg responded to Attorney Coleman's letter. At that time, Attorney Rothenberg indicated to Attorney Coleman that before the parties could proceed with depositions, two conditions had to be met. "(1) we needed a date and time when you (Attorney Coleman) would be available to discuss your client's deficient answers to our discovery requests and receive more complete and specific responses and (2) we needed dates for the Abernathy's depositions as well as dates for our clients' depositions." Attorney Rothenberg concluded his email by indicating "upon receiving this email, please provide me with dates and times when you are available to discuss your clients answers to our discovery requests." (See copy of Attorney Rothenberg's email dated April 28, 2026 marked Exhibit N).

23. Again, in response to Attorney Rothenberg's email, Attorney Coleman remained silent and never responded.

24. On June 30, 2026, Attorney Rothenberg reached out to Attorney Coleman via email and reminded him that the Court ordered discovery deadline was July 10, 2026 and Attorney Rothenberg indicated that he felt that the parties needed to file another Motion requesting an extension of all deadlines including that one. In his email, Attorney Rothenberg reminded Attorney Coleman that while all parties wanted to schedule depositions, Plaintiffs' counsel could not do so until Attorney Coleman and Plaintiff's counsel had held a conference call to discuss Defendants' deficient answers to Plaintiffs' discovery requests. Attorney Rothenberg concluded his email by again asking Attorney Coleman for his availability for such a call within the next week. (See copy of Attorney Rothenberg's email dated June 30, 2026 marked Exhibit O).

25. In response, on June 30, 2026 at 11:46 a.m., Attorney Coleman wrote back and indicated that he was going to ask Judge Saporito for a Settlement Conference at the request of his clients and wanted to know if Plaintiffs' counsel concurred. With respect to the suggestion of extending the discovery deadline, Attorney Coleman wrote "I am

against extending it but maybe that is something we can address with the Court if settlement is not achieved." (See copy of Attorney Coleman's email dated June 30, 2026 marked Exhibit P).

26. In response, Attorney Rothenberg wrote back to Attorney Coleman on June 30, 2026 indicating that he and Attorney Davolos had no objection to going back to Magistrate Judge Caraballo for a Settlement Conference. However, Attorney Rothenberg pointed out that the parties must immediately file a Motion to Extend all Deadlines because the parties simply did not know when that Settlement Conference would be held. At that time, Attorney Rothenberg indicated he would prepare a Motion to Extend all Deadlines by 90 days and asked Attorney Coleman if he concurred. (See copy of Attorney Rothenberg's email dated June 30, 2026 marked Exhibit Q).

27. In response, on June 30, 2026, Attorney Coleman responded to Attorney Rothenberg's email indicating "I do not concur. We have had more than enough time. Don't want trial date pushed any further." (See copy of Attorney Coleman's email directed to Attorney Rothenberg dated June 30, 2026 marked Exhibit R).

28. Simply put, the parties are unable to meet the current Court ordered discovery deadline of July 10, 2026. As is clearly evidenced by the above chronology of events and attached Exhibits, the parties cannot proceed with the scheduling and taking of each other depositions until such time as there is a conference call held between counsel to see if Defendants' insufficient and deficient responses to Plaintiffs' discovery requests can be resolved. On that note, despite Attorney Coleman's repeated promises that he would make himself available for a conference call to address those issues, he has never done so. In addition, despite the fact that Attorney Coleman received a very specific letter from Plaintiffs' counsel outlining Defendants' deficient and insufficient responses, he refused to discuss those issues at the parties' Zoom conference call held on March 17, 2026 and then again promised to make himself available for such a discussion but then never provided dates or time that he would be available for same.

29. This request for an additional extension of 90 days of all Case Management Deadlines is a direct result of Attorney Coleman stonewalling Plaintiffs' Request to hold a conference call to discuss the issues as outlined in Attorney Davolos' correspondence dated March 16, 2026. If Attorney Coleman had followed through on his promises of providing dates and times that he would be available for such a discussion, the parties' depositions would have already been scheduled and conducted and there would have been no need to now extend deadlines a second time. Simply put, Attorney Coleman now not concurring in the foregoing Motion is disingenuous at best.

WHEREFORE, based upon the foregoing, it is respectfully requested by Plaintiffs, Nancy Asaro and Lori Dring, that all Case Management Deadlines be extended an additional 90 days such that the new discovery schedule be as follows:

a. All fact discovery shall be completed by October 10, 2026;

b. Reports of Plaintiffs' retained experts shall be due by October 24, 2026;

c. Reports of Defendants' retained experts shall be due by November 24, 2026;

d. Supplements or rebuttal expert reports shall be due by December 25, 2026;

e. All expert discovery shall be concluded by January 23, 2027;

f. Dispositive Motions: the deadline for filing Dispositive Motions, if any, is February 6, 2027.

In addition to extending all Case Management Deadlines an additional 90 days, Plaintiffs would further request that this Honorable Court issue an Order ordering Defendants' counsel, Harry Coleman, to make himself available within 7 days of the date of this Court's Order to participate in a Zoom conference call with Plaintiffs' counsel to discuss the discovery issues as raised in Attorney Davolos' correspondence dated March 16, 2026 (attached to Plaintiffs' Motion to Extend as Exhibit I).

Respectfully submitted:

Howard A. Rothenberg, Esq.
Rothenberg & Campbell
345 Wyoming Ave., Suite 210
Scranton, Pa 18503
hrlaw01@gmail.com
570-207-2889
Atty. for Plaintiffs

/s/ Philip A. Davolos, III
Philip A. Davolos, III, Esq.
Davolos Law
PO Box 188
Clarks Summit, Pa 18411
pdavolos@davoloslaw.com
570-362-3492
Atty. for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY ASARO and LORI DRING, | : | |
| Plaintiffs | : | CIVIL ACTION- LAW |
| vs. | : | No. 3:23-cv-01576 |
| MICHAEL G. ABERNATHY and MARY B. ABERNATHY, | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served via the ECF filing system upon counsel of record on the 7th, 2026.

Harry T. Coleman, Esquire
Law Office of Harry Coleman
41 North Main Street, Suite 316
Carbondale, PA 18407
Harry@harrycolemanlaw.com

Respectfully submitted:

/s/ Howard Rothenberg
Howard A. Rothenberg, Esq.
Rothenberg & Campbell
345 Wyoming Ave., Suite 210
Scranton, Pa 18503
hrlaw01@gmail.com
570-207-2889
Atty. for Plaintiffs