**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY ASARO and**<br>**LORI DRING,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**MICHAEL G. ABERNATHY,**<br>**MARY B. ABERNATHY, et al**<br><br>**Defendants.** | **NO.: 3:23-CV-01576**<br><br>**JUDGE SAPORITO** |

**PLAINTIFFS' BRIEF IN SUPPORT OF APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS PURSUANT TO SECTION 14 OF THE 2006 AGREEMENT**

Plaintiffs, Lori Dring and Nancy Asaro ("Dring/Asaro"), through their attorneys, Davolos Law Group, Philip A. Davolos, III, Esquire and Rothenberg & Campbell, Howard A. Rothenberg, Esquire, submit this Brief in Support of their Application for Reasonable Attorneys' Fees and Costs pursuant to Section 14 of the 2006 Agreement at issue in this matter and, in support thereof, submit the following:

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

By Memorandum and Order of July 14, 2026 (Docs. 186, 187), this Honorable Court granted Dring/Asaro's Motion to Dismiss Counterclaims of Defendants, Michael G. Abernathy and Mary B. Abernathy ("Abernathy Defendants") and Strike Certain Affirmative Defenses (Doc. 131) and entered judgment in favor of Dring/

Asaro and against Abernathy Defendants on all Counts of Abernathy Defendants' Counterclaims asserted with their Answer (Doc. 126).

Section 14 of the 2006 Settlement Agreement provides:

> The United States District Court for the Middle District of Pennsylvania shall have exclusive jurisdiction over any action or proceeding involving the interpretation or breach of this Agreement, and the parties hereto submit to the personal jurisdiction of such Court. The prevailing party in any such action shall be entitled to recover reasonable attorneys' fees from the other party.

Dring/Asaro commenced this action by filing a Complaint (Doc. 1) against, *inter alia*, Abernathy Defendants, on September 21, 2023. On December 5, 2023, Abernathy Defendants filed a motion to dismiss Plaintiffs' Complaint (Doc. 18), followed by a brief in support on December 19, 2023 (Doc. 24), and a reply brief on February 5, 2024 (Doc. 40). Dring/Asaro opposed Abernathy Defendants' motion to dismiss (Doc. 32, 47). Abernathy Defendants filed further briefing (Doc. 52). Thereafter, Plaintiffs moved for leave to file an Amended Complaint (Doc. 53, 54 and 58). Abernathy Defendants opposed Dring/Asaro's motion for leave to amend (Doc. 57).

On July 12, 2024, this Honorable Court entered an Order (Doc. 59) that, *inter alia,* granted leave for Plaintiffs to file the Amended Complaint (Doc. 60). Plaintiffs' Amended Compliant is now the operative pleading to which Abernathy Defendants filed an Answer and Counterclaims (Doc. 126). On July 26, 2025, Abernathy

Defendants again moved to dismiss (Doc. 62), Plaintiffs' now Amended Complaint (Doc. 60). This was followed by Abernathy Defendants' briefs in support and reply (Doc. 64, 71), as well as Plaintiffs' briefs in opposition and sur-reply (Doc. 67, 75).

On March 28, 2025, this Honorable Court entered an Opinion and Order (Doc. 81, 82) that denied Abernathy Defendants' motion to dismiss Dring/Asaro's Amended Complaint. On April 11, 2025, Abernathy Defendants filed a motion for reconsideration of the Court's decision denying dismissal of Plaintiffs' Amended Complaint (Doc. 88, 89). Plaintiffs filed a brief in opposition to the reconsideration motion (Doc. 90). The Court denied the motion for reconsideration or interlocutory appeal with the Order of October 21, 2025 (Doc. 129, 130).

On October 7, 2025, Abernathy Defendants filed an Answer with Affirmative Defenses and Counterclaims. (Doc. 126). Dring/Asaro moved to dismiss the Counterclaims and strike certain affirmative defenses (Doc. 131) and filed briefing in support and reply (Doc. 137, 143). Abernathy Defendants opposed the motion and filed briefs in opposition (Doc. 141). By Memorandum and Order of July 14, 2026 (Docs. 186, 187), this Honorable Court granted Dring/Asaro's Motion to Dismiss Counterclaims of Abernathy Defendants (Doc. 131) and entered judgment in favor of Dring/ Asaro and against Abernathy Defendants on all Counts of Abernathy Defendants' Counterclaims asserted with their Answer (Doc. 126).

In said Memorandum, the Court held, *inter alia*, as follows:

> In this current litigation, the defendants note that they consist of "either parties to the [2006] Release or stand as 'successors' to original parties' property interests." (Doc. 64, at 13). It is undisputed that the Property Owners in the current litigation can claim the benefits of the 2006 Settlement Agreement.

(Doc. 186, at 1, fn 1)

The now dismissed Counterclaims of Abernathy Defendants (Doc. 126) consisted of (1) easement by prescription, (2) easement by implication and (3) a request for declaratory judgment. In the July 14, 2026, Memorandum this Honorable Court enumerated three foundational holdings that resulted in the dismissal of the Abernathy Counterclaims. The Court held as follows:

> Therefore, while the procedural history of this action proves extensive, that history has resulted in three foundational holdings pertinent to his memorandum: (1) Dring and Asaro own the Western Shore Strip in fee simple by record chain of title through the deeds of Rensselaer Polytechnic Institute and Wells College; (2) the 2006 Settlement Agreement bars all claims brought by the Property Owners arising out of or relating to the 2001 Lawsuit and the Western Shore Strip, including prescriptive easement claims; and (3) the 2006 Settlement Agreement (and the subsequent 2019 Settlement Agreement) expressly reserved Dring and Asaro's rights to bring trespass and ejectment claims in the future. With this understanding, we analyze the merits of the Abernathy defendants' counterclaims.

(Doc. 186, at 13-14).

As to Abernathy Defendants' Counterclaim for easement by prescription, the Court held, *inter alia*, that this claim is barred by the doctrine of *res judicata* (Doc. 186, at 14-17). Plaintiffs prevailed on this count as the Court ordered it dismissed.

As to Abernathy Defendants' Counterclaim for easement by implication, the Court held, *inter alia*, that this claim is barred by the 2006 Settlement Agreement (Doc. 186, at 17-19). Plaintiffs prevailed on this count as the Court ordered it dismissed.

As to Abernathy Defendants' Counterclaim for declaratory judgment, the Court held, *inter alia*, that this claim is barred by the 2006 Settlement Agreement (Doc. 186, at 20-21), and noted that the declaratory judgment sought is duplicative of the first two counterclaims that were dismissed (easement by implication and prescriptive easement). Plaintiffs prevailed on this count as the Court ordered it dismissed.

This Honorable Court also struck all of the Abernathy Defendants' affirmative defenses that relate to the 2006 Agreement (Doc. 186, at 22). This Honorable Court also struck all of the Abernathy Defendants' affirmative defenses that attempted to rely on claims that Abernathy Defendants have easements or possessory rights over the West Shore Strip (Doc. 186, at 22).

This Honorable Court also struck all of the Abernathy Defendants' affirmative defenses that relied on release language in the 2006 agreement as purportedly barring Plaintiffs' claims in this action (Doc. 186, at 23).

> We will grant that request. In simplest terms, the Abernathy defendants' allegations run directly counter to our holding in Asaro v. Abernathy, No. 2:23-CV-1576, 2025 WL 950851, at *1 (M.D. Pa. Mar. 28, 2025), where we expressly found that Dring and Asaro's claims for trespass, ejectment, and declaratory judgment are not barred by the 2006 Agreement. Therefore, the Abernathy defendants' assertion is meritless.

Id.

This Honorable Court also struck all of the Abernathy Defendants' affirmative defenses that relied on a challenge to Plaintiffs' ownership of the West Shore Strip by record title in fee simple (Doc. 186, at 23-25).

Dring/Asaro are clearly prevailing parties under the 2006 Agreement. They successfully obtained a final judgment against the Abernathy Defendants on claims raised by the Abernathy Defendants that directly implicate the 2006 Agreement. The Court's Opinion repeatedly reiterates the applicability of the 2006 Agreement to the instant matter and uses same as the basis for the dismissal of claims by Abernathy Defendatns.

As the prevailing parties, Dring/ Asaro are entitled to the recovery of reasonable attorneys' fees and costs pursuant to Section 14 of the 2006 Agreement. Attached as Exhibit "A" are authentic copies of invoices billed by Davolos Law

Group (Attorney Philip A. Davolos III) for fees and costs incurred in representing Dring/ Asaro related to the now dismissed Counterclaims. The invoices have been redacted to exclude information regarding work for which reimbursement is not being sought, as well as information protected by the attorney/client privilege and/or the attorney work product doctrine. The bills include the following information: (a) the date of the work performed; (b) the billing professional performing the work; (c) the time spent on the work, measured in tenths of an hour; (d) the amount billed for the work; and (e) a description of the work performed.

Attached as Exhibit "B" are authentic copies of invoices as provided by Rothenberg & Campbell (Attorney Howard A. Rothenberg) for fees and costs incurred in representing Dring/ Asaro related to the now dismissed Counterclaims. The invoices have been redacted to exclude information regarding work for which reimbursement is not being sought, as well as information protected by the attorney/client privilege and/or the attorney work product doctrine. The bills include the following information: (a) the date of the work performed; (b) the billing professional performing the work; (c) the time spent on the work, measured in tenths of an hour; (d) the amount billed for the work; and (e) a description of the work performed.

Davolos Law Group fees total $17,400.00 and Rothenberg & Campbell fees total $3,660.00 for an overall total of $21,060.00, as related to the Abernathy

Counterclaims and stricken affirmative defenses, only, for which reimbursement is sought in this matter at this time.[1]

## II. STATEMENT OF QUESTIONS PRESENTED

**1. Whether Plaintiffs are entitled to reimbursement of the reasonable attorneys' fees and costs incurred in defending against the counterclaims and affirmative defenses raised by Abernathy Defendants, pursuant to Section 14 of the 2006 Agreement?**

(Suggested answer in the affirmative).

**2. Whether Plaintiffs are entitled to reimbursement of the reasonable attorneys' fees and costs incurred in litigating the instant Application?**

(Suggested answer in the affirmative).

**3. Whether Defendants should be granted leave to file a supplemental fee application seeking reimbursement of the fees and costs incurred in litigating the instant Application and additional fees, when and if they are successful in their remaining claims against the Abernathy Defendants?**

(Suggested answer in the affirmative).

## III. ARGUMENT

### A. Dring/Asaro are entitled to an award of reasonable attorneys' fees and costs pursuant to the plain language of the 2006 Agreement.

Section 14 of the 2006 Agreement has already been judicially determined to constitute a valid fee shifting provision, upon which a prevailing party, in this case Dring/Asaro may base a successful fee application. See generally, Gillespie v. Dring,

[1] Should Plaintiffs prevail at trial or through dispositive motion practice on their claims against Abernathy Defendants, then they will seek the entirety of the fees and costs expended to prove their affirmative case.

3:15-CV-00950, 2019 WL 5260381, at *3 (M.D. Pa. Oct. 17, 2019), aff'd, 19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022). While certainly not dispositive of the application presently before the Court, both this Court and the Third Circuit have previously determined that Section 14 of the 2006 Agreement may entitle a prevailing party to an award of attorneys' fees and costs, so long as that application is properly made and adequately supported. It is respectfully submitted that the application before the Court is both proper and adequately supported by the submissions of the Plaintiffs.

> Under Pennsylvania law, settlement agreements are enforced in accordance with principles of contract law, *see* Krebs v. United Refin. Co. of Pa., 893 A.2d 776, 783 (Pa. Super. Ct. 2006), and so we look to the plain and ordinary meaning of the Attorney Fee Provision to discern the intent of the parties, Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., 892 A.2d 830, 837 (Pa. Super. Ct. 2006).

Gillespie v. Dring, 19-2073, 2022 WL 1741888, at *2 (3d Cir. May 31, 2022). The foregoing is a quote from the Third Circuit, where it was interpreting Section 14 of the 2006 Agreement.

Here, Dring/Asaro are entitled to the reasonable attorneys' fees and costs sought through their Application, as they are the prevailing parties in this action. Section 14 of the Settlement Agreement mandates, in clear and unambiguous language:

> 14. The United States District Court for the Middle District of Pennsylvania shall have exclusive jurisdiction over any action or proceeding the interpretation or breach of this Agreement, and the parties hereto submit to the personal jurisdiction of such Court. The prevailing party in any such action shall be entitled to recover reasonable attorneys' fees from the other party.

Here, Dring/ Asaro clearly are the prevailing parties, as judgment was rendered in their favor and against Abernathy Defendants on all of the claims asserted the Abernathy Defendants. In Profit Wize Mktg. v. Wiest, 2002 PA Super 380, ¶ 16, 812 A.2d 1270, 1275–76 (Pa. Super. Ct. 2002), the Pennsylvania Superior Court held that "'prevailing party,' is commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" (internal citations omitted). The Superior Court further held that a prevailing party is one in whose favor a court has entered judgment. Id. It is respectfully submitted that the Court has entered judgment in favor of Dring/Asaro on all aspects of the Counterclaim and they are prevailing parties on the issues asserted in the Counterclaims and those stricken affirmative defenses.

All of the fees and costs sought by Dring/Asaro's Application were incurred in the defense of the Counterclaims and stricken affirmative defenses, which involved, *inter alia*, the interpretation of the 2006 Settlement Agreement, and the applicability of same to the instant matter. In Samuel-Bassett v. Kia Motors Am.,

Inc., 613 Pa. 371, 464, 34 A.3d 1, 56–57 (2011), the Pennsylvania Supreme Court held, in part, as follows:

> Pennsylvania generally adheres to the "American Rule," under which a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.

Id.

Here, we have such an agreement that entitles Dring/Asaro to an award of legal fees on the issues and claims upon which they have unequivocally prevailed.

**B. The fees and costs sought by Dring/Asaro' s Application are reasonable.**

The rates billed by Attorney Rothenberg and Attorney Davolos are reasonable and the hours expended related to the Counterclaims, and the stricken affirmative defenses are more than reasonable and justified under the circumstances. Both Attorney Davolos and Attorney Rothenberg bill at a rate of $300.00/hour for legal services in this complex matter that requires unique knowledge of state real estate and contract law, as well as federal practice and procedure, and a voluminous background and history of nearly three decades of litigation. With this application, Dring/Asaro seek only those fees associated with their successful Motion to Dismiss Counterclaims and Strike Affirmative Defenses.

> "'The starting point for a court's determination of reasonable attorney fees is to calculate the 'lodestar' by multiplying the number of hours reasonably expended by a reasonable hourly rate.'" Borrell v. Bloomsburg University, 207 F.Supp.3d 454, 506 (M.D. Pa. 2016) (quoting Arlington Indus., Inc. v. Bridgeport Fittings,

> Inc., 2014 WL 2860863, at *5 (M.D. Pa. June 23, 2014), amended, 2014 WL 2991813 (M.D. Pa. 2014), aff'd, 612 Fed.Appx. 612 (Fed. Cir. 2015) ("Arlington")). The lodestar calculation is presumed to be a reasonable calculation of attorneys' fees. Washington v. Philadelphia Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

Gillespie v. Dring, 3:15-CV-00950, 2019 WL 5260381, at *6 (M.D. Pa. Oct. 17, 2019), aff'd, 19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022).

The rate of $300.00/hour in this matter is actually below market and less than Attorney Davolos charges new clients with similarly complex matters. Attorney Davolos has billed at this hourly rate since he first began representing Dring/Asaro in 2020 and has not raised his rates over the last six and a half years. Likewise, Attorney Rothenberg's rate of $300/hour is significantly below market for a litigator of his years of experience. The results that Attorney Davolos and Attorney Rothenberg have achieved for Dring/Asaro in this matter and in prior litigation more than justify the hourly rate of $300/hour.

A fee application need only be specific enough for a court "to determine if the hours claimed are unreasonable for the work performed." Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey, 297 F.3d 253, 270 n.6 (3d Cir. 2002), quoting Washington v. Phila. Cty. Ct. of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996). Computer-generated summaries of time spent by each attorney and paralegal meet these standards. Washington v. Phila. County Court of

Common Pleas, 89 F.3d at 1038 (citing Keenan v. City of Phila., 983 F.2d 459, 473 (3d Cir. 1992)).

Here the invoices submitted by Attorney Rothenberg and Attorney Davolos are sufficient to meet these requirements and go above and beyond the level of detail required for a court to determine their reasonableness and the basis for the claimed fee award.

Here, the fees incurred in relation to the Counterclaims and stricken affirmative defenses were billed at reasonable hourly rates, given the experience and skill of Dring/ Asaro's attorneys in comparison to rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience and reputation. Moreover, the work performed was useful and of a type ordinarily necessary to secure dismissal of counterclaims and essential to eliminate wasteful discovery and the pursuit of long extinguished legal theories that Abernathy Defendants attempted to advance. The hours expended were reasonable for the work performed.

Accordingly, the Application should be granted in its entirety.

**C. Dring/Asaro are entitled to an award of reasonable fees and costs incurred in litigating the instant Application.**

The District Courts and the Third Circuit have established that fees associated with litigating a fee application are also recoverable. See, O'Farrell v. Twin Bros. Meats, 889 F. Supp. 189, 193-94 (E.D. Pa. 1995) (citing Polselli v. Nationwide Mut.

Fire Ins. Co., 126 F.3d 524-537 (3d Cir. 1997)). As such, Dring/Asaro respectfully request leave of Court to supplement their submissions with fees associated with the pursuit of the recovery of the amounts incurred to pursue this application.

### D. Dring/Asaro should be granted leave to file a supplemental application for fees and costs incurred in litigating the instant Application, as well as a subsequent Application when and if they prevail on all claims that they have asserted against Defendants.

Because the fees that Dring/Asaro seek to recover related to this application are proper, and because there remain additional claims upon which Dring/Asaro may prevail, it is respectfully submitted that Dring/Asaro should be granted leave to file supplemental fee applications for (1) the costs associated with this application and (2) for all costs incurred in pursuing their claims against Abernathy Defendants, when and if they prevail on same.

## IV. CONCLUSION

Plaintiffs, Lori Dring and Nancy Asaro, respectfully request that this Honorable Court enter an Order awarding them reasonable costs and attorneys' fees pursuant to Section 14 of the 2006 Settlement Agreement, in the interim total amount of $21,060.00, and grant them leave to file a supplemental application for reasonable fees and costs incurred in litigating this Application, as well as future applications when and if they are successful on their claims against Abernathy Defendants.

Respectfully submitted,

*/s/ Philip A. Davolos III*
PHILIP A. DAVOLOS, III, ESQUIRE
Attorney I.D. #210225
DAVOLOS LAW GROUP
PO BOX 188
Clarks Summit, Pennsylvania 18411-0188
570-362-3492
pdavolos@davoloslaw.com
*Attorneys for Plaintiffs,*
*Lori Dring and Nancy Asaro*

-AND-

ROTHENBERG & CAMPBELL
Howard A. Rothenberg (Id.# 38804)
Ryan P. Campbell (Id.# 317838)
345 Wyoming Avenue, Ste. 210
Scranton, PA 18503
p. 570.207.2889
f. 570.207.3991
HRLaw01@gmail.com
rpc@Rothenbergcampbell.com
*Attorneys for Plaintiffs,*
*Nancy Asaro and Lori Dring*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY ASARO and**<br>**LORI DRING,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**MICHAEL G. ABERNATHY,**<br>**MARY B. ABERNATHY, et al**<br><br>**Defendants.** | **NO.: 3:23-CV-01576**<br><br>**JUDGE SAPORITO** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served a true and correct copy of Plaintiffs' Brief in Support of Motion for Reasonable Attorneys' Fees and Costs, via ECF, upon the following counsel of record, on the 28th day of July 2026, addressed as follows:

Harry T. Coleman, Esquire
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
(570) 282-7440
Harry@harrycolemanlaw.com

**By:** ***/s/ Philp A. Davolos***
**PHILIP A. DAVOLOS, III, ESQ.**

## CERTIFICATE OF WORD COUNT

Pursuant to L.R.7.8(b)(2), the undersigned certifies that PLAINTIFFS' BRIEF IN SUPPORT OF THEIR APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS PURSUANT TO SECTION 14 OF THE 2006 AGREEMENT contains 3,125 words.

**By:** ***/s/ Philp A. Davolos III***
**PHILIP A. DAVOLOS, III, ESQ.**